IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Greenbelt Division</u>)

| | | |
|---|---|---|
| **In re:**<br>**SDI PROPERTIES, LLC,** | \* | Case No. 20-20650-LSS |
| Debtor. | \* | |
| | | (Chapter 7) |

\*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| **PATRICIA B. JEFFERSON,**<br>Chapter 7 Trustee<br>Miles & Stockbridge P.C.<br>100 Light Street, 10th Floor<br>Baltimore, MD 21202, | \* | |
| | \* | |
| Plaintiff, | \* | |
| v. | \* | **ADV. PROC. NO. 22-00193** |
| **JENNIFER L. ALTER, et al.** | \* | |
| Defendants. | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANTS EAGLE PREMIER TITLE GROUP LLC'S AND JENNIFER L. ALTER'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER FROM SUBPOENA ISSUED TO TRUSTEE BY MARYLAND INSURANCE ADMINISTRATION</u>**

### I.   <u>BACKGROUND</u>

The instant matter began when, on or about October 7, 2022, the Trustees in this matter filed the underlying Adversarial Proceeding against Ms. Jennifer Alter and Eagle Premier Title Group, LLC (hereinafter referred to collectively as "Eagle Premier"), as well as other Co-

{M0912100.1}

Defendants. Through mediation, the parties to the above action reached a Settlement Agreement that has since been submitted to this Honorable Court for Approval (See Attached Exhibit 1, Settlement Agreement). This Honorable Court approved the Settlement Agreement on or about March 29, 2024 and it dismissed the matter with prejudice (See Attached Exhibit 2, Order Granting Motion of Chapter 7 Trustee To Approve Settlement and Dismissing Case). On or about March 21, 2024, the Maryland Insurance Administration served a Records Subpoena on Trustee Emily K. Devan, c/o Miles & Stockbridge, P.C., requesting, among other things, title, transaction and financial records involving Eagle Premier for eight (8) separate transactions (See Attached Exhibit 3, MIA Subpoena).

On or about February 23, 2023, the Maryland Insurance Administration contacted Eagle Premier requesting that it produce, among other things, its records regarding the fifty (50) transactions that were the subject of the Adversarial Proceeding (See Attached Exhibit 4, Maryland Insurance administration 2/23/2023 Document Request). Thereafter, Eagle Premier provided responsive documents to the Maryland Insurance Administration on or about 4/13/2023. Said production was well over four thousand pages of documents related to the fifty transactions. The production to the Maryland Insurance Administration was the same document production provided by Eagle Premier to the Trustees in this matter. The Maryland Insurance Administration later requested that the format of the production from Eagle Premier be modified in order to make its review of the records more simplified. Eagle Premier did so on or about 7/18/2023. Any requests for information from the Maryland Insurance Administration, and which were in the possession of Eagle Premier, were provided. Eagle Premier was transparent and cooperative in its document production to the Trustees as well as to the Maryland Insurance Administration.

{M0912100.1}

## II.     THE COURT MUST ISSUE A PROTECTIVE ORDER AND QUASH SUBPOENA

### A.  Records Previously Provided

Eagle Premier previously provided the Maryland Insurance Administration the exact same records to the Trustee in this matter. The only difference was that, after request from the Maryland Insurance Administration to make a format change, Eagle Premier submitted the records in the format requested by the Maryland Insurance Administration. As the Maryland Insurance Administration is already in possession of the records it is seeking from the Trustee, there is no legal or legitimate bases for the Subpoena to be complied with. Eagle Premier therefore objects to the issuance of the subpoena to the Trustee in this matter and Eagle Premier respectfully requests that the Subpoena be quashed and that this Honorable Court issue a Protective Order in its behalf barring the Trustee from producing and the Maryland Insurance Administration from receiving the records.

### B.  Underlying Matter is Concluded and Dismissed With Prejudice

On March 29, 2024, this Honorable Court dismissed the underlying action *with prejudice* (See Exhibit 2). The Maryland Insurance Administrations Subpoena requests the Trustee's production of the records by April 5, 2024 (See Exhibit 3). The Maryland Insurance Administration's Subpoena is untimely. Further, the Trustee has no obligation to respond to the Subpoena when the case has been dismissed. The Maryland Insurance Administration lacks standing in the instant matter. Further, it has no ability to compel the Trustee to produce the requested documents in a matter that has been dismissed.

Moreover, the Maryland Insurance Administration's subpoena lacks the judicial authority to be enforceable as the issuing agency "does not exercise traditional judicial powers." *Gottlieb*

{M0912100.1}

*v. Lincoln Nat'l Life Ins. Co.*, 388 F. Supp. 2d 574, 580 (D. Md. 2005). While the Mayland Insurance Administration is granted the authority to issue subpoenas for the production of evidence, it lacks the ability to enforce any penalty for non-compliance and "must petition a state court for an order directing compliance with the subpoena and imposing appropriate penalties." *Id.* Here, the Maryland Insurance Administration has yet to petition a state court for an order to direct the Trustee to comply with the subpoena. Only when a state court issues such an order can a party be compelled to comply with the administrative subpoena. *See Md. Code Ann.,* Insurance § 2-201(a). That being said, it is possible for a state court to deny the petition and hold the subpoena as unenforceable, thus ending the action.

### C. Release of Documents is Barred By Settlement Agreement

The Trustee and the Defendants entered into a Settlement Agreement in January 2024. The Settlement Agreement provides, among other things, mutual obligations of non-dissemination of documents, information and materials. The Settlement Agreement having been accepted and approved by the Bankruptcy Court, Eagle Premier seeks specific performance of Paragraph D, b.

### D. **Confidentiality, Non-Disparagement and Non-Dissemination**

a. The Parties and their counsel agree that neither they nor their attorneys or representatives shall reveal or in any way disseminate to any person, agency, Board or Commission (disciplinary or otherwise), news media, organization, or anyone whatsoever, the fact of settlement or any of the terms of this Release Agreement, except as necessary to effectuate the terms of this Release Agreement or as required by law. Trustee and her attorneys understand that the Released have required that she and her counsel, as a condition of the settlement, agree to the confidentiality expressed in this paragraph. As used in this paragraph, the term "counsel" includes not only counsel of record, but also all other attorneys, agents, or employees associated with the law offices of counsel of record as well as any other attorney or person acting or formally retained by or on behalf of Trustee, whether or not counsel's appearance has formerly been made a matter of record. Notwithstanding the foregoing, the Defendants understand and acknowledge that the terms of this Agreement shall

      be part of the public record available from the Bankruptcy Court, and the Trustee has no obligation to seek to seal these proceedings.

  b. Each party hereto mutually agrees that they will not make, or cause or encourage other persons or entities to make, any disparaging remarks or comments about each other relating to any matter having occurred prior to the execution of this Settlement Agreement through any means, including without limitation, oral, written, or electronic communications, websites, internet postings/publications, or induce or encourage others to publicly disparage the other settling Party. In no event shall Trustee, Miles & Stockbridge and its employees and staff, Trustee's counsel, or any other person(s)/parties directly and indirectly involved in this action/claim/proceeding share, provide, transfer, disseminate, disburse, or relay documents, information, material, received/produced discovery, statements, testimony, depositions, or any other items to any other persons, parties, agencies, investigative/investigation entities, governments, units, or other groups and they expressly warrant that they have not done prior to the execution of this Agreement. Defendants are expressly relying upon the scope and provisions of this Agreement resolving and concluding any and all claims, rights, interests, contributions, and actions of any kind, etc. that relate or concern, in any way, the transactions involved in the instant matter.

  c. Trustee and her attorneys all covenant and agree not to make any public statement or statements concerning the subject matter of this Agreement, except pursuant to: (1) disclosures required in any proceeding necessary for approval or enforcement of this Settlement Agreement, (2) Court order, in response to a subpoena, or as otherwise required by law, accounting or regulatory authorities, or (3) disclosures to accountants, auditors, attorneys, lenders, insurers, boards of directors or other parties with a legitimate need to know.

Eagle Premier avers that the non-dissemination provisions of the Settlement Agreement bar the Trustee from providing documents to the Maryland Insurance Administration. Any disclosure would then invoke the violation provisions of the Settlement Agreement and would allow Eagle Premier to pursue remedies for the Trustee's violations. Eagle Premier, therefore, respectfully requests that the Subpoena be quashed and that it be granted a Protective Order preventing the release of documents from the Trustee to the Maryland Insurance Administration.

{M0912100.1}

### E. **Maryland Insurance Administration Has Failed To Establish Substantial Need for Requested Documents and Lacks Authority**

The Maryland Insurance Administration must establish that there exists a substantial need for the records it is seeking from the Trustees. The Maryland Insurance Administration has not and can not establish that it needs, or is entitled to, the records held by the Trustees. Further, and more importantly, the underlying case has been dismissed and there were no Counts in the Adversarial Proceeding against Eagle Premier alleging insurance fraud. The documents sought by the Maryland Insurance Administration offer no probative value in any investigation being conducted by the agency and Eagle Premier would be prejudiced (under the terms of the Settlement Agreement and otherwise) if the records from a resolved and dismissed (with prejudice) matter were to be produced. The Maryland Insurance Administration's subpoena is beyond the scope of its administrative power. The subpoena is meant to harass and annoy Eagle Premier and to cause it to incur additional counsel fees to protect itself.

Eagle Premier, therefore, respectfully requests that the Subpoena be quashed and that it be granted a Protective Order preventing the release of documents from the Trustee to the Maryland Insurance Administration.

### F. **Maryland Insurance Administration Lacks Jurisdiction**

The Maryland Insurance Administration's mission is to, among other things, pursue and investigate insurance-related matters generated by Complaints filed with the Administration. In the instant matter before the Maryland Insurance Administration, there was and is no underlying complainant. Rather, Eagle Premier's insurer, Olde Republic, advised the Maryland Insurance Administration of the Bankruptcy matter being filed against Eagle Premier. While is debatable whether Olde Republic had a duty to report to the Maryland Insurance Administration, it is patently

{M0912100.1}

clear that Olde Republic was not a complainant. Eagle Premier is not aware of any complaint or complainant having filed against it and the Maryland Insurance Administration has certainly never advised Eagle Premier of a complaint, nor has it asked Eagle Premier to respond to the allegations of any complaint. The Maryland Insurance Administration has no jurisdiction in this matter. It has further over-reached its authority and the Subpoena should be summarily quashed.

### III.     CONCLUSION

For the reasons stated above, Defendants Eagle Premier Title Group, LLC and Jennifer L. Alter seek that the Maryland Insurance Administration's Subpoena to the Trustees/Miles & Stockbridge be quashed and that they be granted a Protective Order preventing the release of documents from the Trustee to the Maryland Insurance Administration.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

/s/ *Roger R. Munn, Jr.*
Roger R. Munn (Bar No. 024979)
rmunn@moodklaw.com
600 Baltimore Avenue, #305
Towson, Maryland 21204
(410) 339-6880
(410) 339-6881 (Fax)
*Attorney for Defendants Eagle Premier Title Group, LLC and Jennifer Alter*

{M0912100.1}

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 4th Day of April, 2024, a copy of the foregoing document was electronically transmitted to this Court, via the electronic filing service, and mailed first class, postage pre-paid to:

Gregory Todd Alter, Jr.
730 Shireoaks Dr.
Martinsburg, WV 25403

Gregory Todd Alter, Sr.
909 John St.
Martinsburg, WV 25401

Susan J. Alter
909 John St.
Martinsburg, WV 25401

Kaiman Property Management, LLC
c/o Gregory Todd Alter, Jr.
730 Shireoaks Dr.
Martinsburg, WV 25403

Emily K. Devan
Miles & Stockbridge P.C.
100 Light Street 10th Floor
Baltimore, MD 21202
Counsel to the Chapter 7 Trustee
Office of the U.S. Trustee
6305 Ivy Lane,
Greenbelt, MD, 20770

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Attorney for WCP Fund I, LLC

                                                        /s/ Roger R. Munn Jr.
                                                        Roger R. Munn Jr.