# Exhibit 1

## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is dated as of January _____, 2024, by and between Patricia B. Jefferson, as Chapter 7 Trustee for the bankruptcy estate of SDI Properties, LLC (hereinafter referred to as "Trustee"), and Jennifer L. Alter (hereinafter referred to as "Ms. Alter"), Eagle Premier Title Group, LLC (hereinafter referred to as "Eagle Premier"), Gregory Todd Alter Jr. (hereinafter referred to as "Alter Jr."), Kaiman Property Management, LLC (hereinafter referred to as "Kaiman"), Gregory Todd Alter Sr. (hereinafter referred to as "Alter Sr."), and Susan J. Alter (hereinafter referred to as "Susan Alter," and together with Jennifer, Eagle Premier, Alter Jr., Kaiman, and Alter Sr., the "Released"), and together with the Trustee and the Released, the "Parties" and, each, a "Party") (the Parties acknowledge that this Release will need to be approved and consummated, and that "Released" as used herein is the common descriptive used in all Releases and will be enforceable upon the subsequent approval, consummation, and adoption).

## RECITALS

1. On December 8, 2020, SDI Properties, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 20-20650-LSS (the "Bankruptcy Case").

2. On March 18, 2020, the Court entered an Order Approving the Appointment of Patricia B. Jefferson as the Chapter 11 trustee of the Debtor's estate.

3. No committee of unsecured creditors was appointed by the Office of the United States Trustee.

4. The Bankruptcy Case was converted to Chapter 7 on July 6, 2022 and Trustee was appointed the Chapter 7 trustee of the Debtor's estate.

5. On October 7, 2022, the Trustee filed an adversary proceeding (the "Suit"), Adv. Proc. 22-00193 against the Released to recover for damages claimed in connection with alleged fraudulent actions attributed to Eagler Premier and Jennifer Alter (Count I), alleged negligent misrepresentations attributed to Eagle Premier (Count II), the actions of Alter Jr., Alter Sr., Susan, and Kaiman allegedly undertaken to aid and abet the allegedly fraudulent actions of Jennifer and Eagle Premier (Count III), allegedly negligent conduct on the part of Eagle Premier and Jennifer Alter (Count IV), the claimed actions attributed to all of the Released Parties in allegedly aiding and abetting fraud related to SDI (Count V), alleged R.I.C.O. violations pursuant to 18 U.S.C. § 1962(c) committed by all of the Released except Eagle Premier (Count VI), alleged R.I.C.O. violations pursuant to 18 U.S.C. § 1962(d) committed by all Released (Count VII), alleged constructive fraudulent transfers by Eagle Premier, Jennifer, Kaiman, and Alter Sr. pursuant to 11 U.S.C. § 544 & Md. Code Ann., Comm. Law, § 15-201 et seq. (Count VIII), alleged fraudulent transfers by Eagle Premier, Jennifer, Kaiman, and Alter Sr. pursuant to 11 U.S.C. § 544 & Md. Code Ann., Comm. Law, § 15-201 et seq. (Count IX), alleged constructive fraudulent transfers by Kaiman, Alter Sr., Jennifer, and Eagle Premier pursuant to 11 U.S.C. § 548(a)(1)(B) (Count X), and alleged fraudulent transfers by Kaiman, Alter Jr., Alter Sr., and Susan pursuant to 11 U.S.C.

§§ 548(a)(1)(A) & 550 (Count XI), and an asserted claim against Alter Jr. and Alter Sr. for asserted liability as subsequent transferees pursuant to 11 U.S.C. § 550(a)(2) (Count XII).

6.   The Released have asserted defenses to the relief sought in the Suit and have categorically denied all liability in connection with the allegations made therein;

7.   The Parties agree that bona fide disputes and controversies exist between the Trustee and the Released as to liability for all claims described herein, including derivative claims, counter-claims, cross-claims, damages, and the amount thereof;

8.   In order to avoid the costs and risks of continuing litigation, the Parties have now reached a settlement of the Suit, the terms of which are set forth in this Agreement.

9.   The Parties desire to settle the disputes and dispose of all claims between them relating to any injuries and damages claimed, of that may have occurred, in connection with or arising out of the happenings described in the suit.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises, covenants and conditions hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

1.   **Incorporation of Recitals.** The Parties hereto hereby incorporate the foregoing recitals by reference and make them a part of this Agreement and the Parties warrant and represent that all such recitals are true and correct.

2.   **Settlement.** In exchange for the releases described in Section 4 of this Settlement Agreement, the Released shall collectively pay or cause to be paid, to the Trustee or an escrow agent of the Trustee's choice, the total amount of $430,000.00 (the "Settlement Payment") in accordance with the following payment instructions and apportionments:

   a. Eagle Premier and Jennifer Alter shall pay $117,500.00 to the Escrow Agent (as defined herein) within three (3) business days after the execution of this Agreement.

   b. Alter, Sr., Susan Alter, Alter, Jr. and Kaiman shall pay $107,500.00 to the Escrow Agent within three (3) business days after the execution of this Agreement.

   c. Eagle Premier and Jennifer Alter's professional liability insurer shall pay $205,000.00 to the Trustee within the later of (i) 30 days of receiving a copy of the fully-executed Settlement Agreement and the Plaintiff/Trustee's W-9, and (ii) 10 days of receiving the Approval Order, as defined below.

   d. Notwithstanding anything to the contrary herein, to the extent any applicable payment due date does not fall on a business day, such payment due date shall be extended to occur on the immediately following business day.

e. Notwithstanding anything to the contrary herein, Released may make one or all of the payments prior to any payment due date without penalty.

3. **Escrow Agent.** The Trustee and Released authorize Iamele & Iamele, LLP to act as their escrow agent (the "Escrow Agent") for the portions of the Settlement Payment (2 a. and 2 b. *hereinabove*) to be made to the Trustee by Eagle Premier, Jennifer Alter, Alter. Sr., Susan Alter, and Alter, Jr. .

   a. The Escrow Agent accepts such appointment under the terms and conditions set forth herein.

   b. Defendants shall remit, or cause to be remitted, their respective portions of the Settlement Agreement as outlined above (the "Escrowed Funds") to the Escrow Agent to be held in a non-interest bearing escrow account.

   c. Immediately upon the Settlement Effective Date (as defined herein), Escrow Agent shall fully disburse the Escrowed Funds to the Trustee.

   d. Upon execution of this Release, Eagle Premier and Jennifer Alter's professional liability insurer will promptly process its portion of the Settlement Payment (2 c. *hereinabove*) and payment shall be sent directly to Trustee; the parties acknowledge that the payment process and issuance of a check/funds from the Insurer will take time and that any normal processing and issuance delays shall not be grounds to void this Settlement Agreement.

4. **Bankruptcy Court Approval.** This Settlement Agreement is binding upon the Parties but is subject to Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

   a. Upon receipt of the fully executed Settlement Agreement and written confirmation from the Escrow Agent that he has received the Escrowed Funds as and when required by Section 2(a)-(c) hereof, Trustee will expeditiously file a motion seeking approval of this Settlement Agreement and serve notice of this Settlement Agreement in accordance with Bankruptcy Rule 9019 (the "9019 Motion").

   b. Except as expressly provided to the contrary, the releases granted herein shall not be effective and the Parties shall not be required to perform hereunder unless and until the Bankruptcy Court has entered an Order granting the 9019 Motion (the "Approval Order").

   c. If the Approval Order is not entered by the Bankruptcy Court, then (i) this Settlement Agreement shall be null and void for any and all purposes; (ii) the Parties shall be returned to their respective positions prior to the entry into this Settlement Agreement; and (iii) this Settlement Agreement shall be inadmissible for all purposes in any legal action or administrative proceeding concerning any of the Parties hereto.

5. **Releases.** All Parties acknowledge this Settlement Agreement is intended to fully resolve the Defendants' liability, if any, arising out of the factual allegations contained in the Suit, to the Debtor, to the Bankruptcy Estate, to the Trustee, to Trevor Sie-Duke and his family/agents/officers/representatives/etc., to Miles & Stockbridge, and to any parties who have assigned their claims to the Trustee in this case, Washington Capital Partners/WCP Fund I, LLC, and/or its agents, representatives, affiliates, officers, directors, etc.

   a. The "Release Effective Date" is the day ninety-one (91) days after the Settlement Effective Date (as defined herein), all payments relating to the Settlement Payment have cleared, and no bankruptcy or insolvency proceeding has been filed by or against any of the Defendants during such ninety-one (91) day period.

   b. On the Release Effective Date, the Trustee, for herself and on behalf of the Debtor's Estate, hereby releases and forever discharges the Defendants, their employees, officers, directors, insurers, and attorneys, from any and all claims, demands, damages, losses, liabilities, rights, actions, arbitrations, expenses, contracts, promises, awards, suits, and causes of action, of any nature or type whatsoever, whether liquidated or unliquidated, accrued or contingent, known or unknown, foreseen or unforeseen, and any and all further liability of whatever kind or nature that now exists, which as of the date of this Settlement Agreement, that the Trustee or the Estate or identified Creditors now have or may have in the future against the Released, including any claims assigned by third parties to the Trustee, (a) arising from or related to the Suit, and (b) any and all claims and/or causes of action that the Trustee and/or the Estate have or might have against the Released pursuant to Sections 544 – 550 of the Bankruptcy Code.

   c. Trustee further understands that she is surrendering forever the right to sue and recover damages arising from the conduct and occurrences described in the Suit from all persons and entities, including the Released. The Trustee acknowledges that there may be claims and damages that are not presently known or understood. Upon the occurrence of the Settlement Effective Date, the Trustee hereby specifically and intentionally waives, discharges, and releases any and all possible future claims, and hereby releases and extinguishes any such claims on behalf of all potential future claimants.

   d. Defendants have not filed any proofs of claims against the Debtors' bankruptcy estate. Defendants hereby waive any right they may have under Section 502(h) of the Code to file a proof of claim in the Bankruptcy Case.

6. **Dismissal of Counts.**

   a. Upon receipt of the fully executed Settlement Agreement and written confirmation from the Escrow Agent that he has received the Escrowed Funds as and when required by Section 2(a)-(c) hereof, the Trustee will voluntarily dismiss Counts I, III, V, VI, and VII of the Suit without prejudice; should the Court fail to enter the

Approval Order, the Trustee may re-plead those Counts and Defendants waive any defenses based upon the applicable statute of limitations.

    b. Within three days after the Settlement Effective Date (as defined herein), the Trustee shall dismiss the entire Suit and the remaining Counts thereto with prejudice, and the releases provided for in Paragraph 4 shall be effective.

7. **Successors and Assigns.** This Agreement shall be binding upon the Parties and their representatives, successors and assigns and shall inure to the benefit of the Parties and their representatives, successors and assigns.

8. **Entire Agreement.** This Agreement reflects the entire agreement of the Parties on the matters set forth herein and supersedes all prior negotiations, understandings and agreements between the Parties. This Agreement may be changed or modified only by a writing duly executed by both Parties and may not be orally changed, modified or altered in any way. Each of the Parties represents and acknowledges that it has been represented by counsel in connection with this Agreement, that it has read and has a full understanding of the terms and conditions hereof and has been advised by counsel with respect to such terms and conditions and that it voluntarily agrees to and accepts all of the provisions of this Agreement.

9. **Effective Date.** This Settlement Agreement shall become effective on the last of the following to occur: (a) it has been duly executed by all Parties; (b) Trustee has received the full amount of the Settlement Payment; and (c) the Court enters an Approval Order approving the Settlement Agreement (such date, the "Settlement Effective Date").

10. **No Admission of Liability.** Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not an admission of liability or intended to be construed as an admission of any liability by any person, Party or entity.

11. **Representations and Warranties.** The Parties represent and warrant that they (a) have all necessary authority to enter into, execute, and perform their obligations under this Agreement; (b) have fully read and understand the terms of this Agreement; (c) have been advised by their counsel as to the meaning and effect of this Agreement (or have had the opportunity to consult with counsel regarding its terms) and are fully aware of the extent of their rights and obligations under this Agreement; (d) have had ample time to consider whether to enter into this Agreement; and (e) are entering into this Agreement freely, voluntarily, and without any undue or improper influence, reservation or duress. Each of the Parties further warrants and represents that this Settlement Agreement has been duly authorized, executed and delivered to them, that this Settlement Agreement constitutes the valid and binding obligations enforceable against them in accordance with the terms contained herein, and that the execution and delivery of this Settlement Agreement will not violate or contravene in any way the articles of the incorporation or bylaws or partnership agreement, as may be applicable, of any of the Parties or any agreement or instrument to which any of the Parties is a party.

12. **Further Assurances.** The Parties, without further consideration, agree to execute and deliver such other documents and take such other action as may be reasonably necessary to effectuate this Agreement.

13. **Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the Parties and their heirs, personal and legal representatives, successors and permitted assigns.

14. **Fees and Taxes.** The Parties agree to pay their own attorneys' fees and costs in connection with the drafting of this Agreement and the entry of this Settlement Agreement. The Defendants shall pay all attorneys' fees and costs incurred by the Trustee as a result of any breach of the terms of this Agreement by any of the Defendants. The Parties further agree that each shall be responsible for any tax consequences generated by the proposed transaction.

15. **Confidentiality, Non-Disparagement and Non-Dissemination**

    a. The Parties and their counsel agree that neither they nor their attorneys or representatives shall reveal or in any way disseminate to any person, agency, Board or Commission (disciplinary or otherwise), news media, organization, or anyone whatsoever, the fact of settlement or any of the terms of this Release Agreement, except as necessary to effectuate the terms of this Release Agreement or as required by law. Trustee and her attorneys understand that the Released have required that she and her counsel, as a condition of the settlement, agree to the confidentiality expressed in this paragraph. As used in this paragraph, the term "counsel" includes not only counsel of record, but also all other attorneys, agents, or employees associated with the law offices of counsel of record as well as any other attorney or person acting or formally retained by or on behalf of Trustee, whether or not counsel's appearance has formerly been made a matter of record. Notwithstanding the foregoing, the Defendants understand and acknowledge that the terms of this Agreement shall be part of the public record available from the Bankruptcy Court, and the Trustee has no obligation to seek to seal these proceedings.

    b. Each party hereto mutually agrees that they will not make, or cause or encourage other persons or entities to make, any disparaging remarks or comments about each other relating to any matter having occurred prior to the execution of this Settlement Agreement through any means, including without limitation, oral, written, or electronic communications, websites, internet postings/publications, or induce or encourage others to publicly disparage the other settling Party. In no event shall Trustee, Miles & Stockbridge and its employees and staff, Trustee's counsel, or any other person(s)/parties directly and indirectly involved in this action/claim/proceeding share, provide, transfer, disseminate, disburse, or relay documents, information, material, received/produced discovery, statements, testimony, depositions, or any other items to any other persons, parties, agencies, investigative/investigation entities, governments, units, or other groups and they expressly warrant that they have not done prior to the execution of this Agreement. Defendants are expressly relying upon the scope and provisions of this Agreement resolving and concluding any and all claims, rights, interests, contributions, and

actions of any kind, etc. that relate or concern, in any way, the transactions involved in the instant matter.

    c. Trustee and her attorneys all covenant and agree not to make any public statement or statements concerning the subject matter of this Agreement, except pursuant to: (1) disclosures required in any proceeding necessary for approval or enforcement of this Settlement Agreement, (2) Court order, in response to a subpoena, or as otherwise required by law, accounting or regulatory authorities, or (3) disclosures to accountants, auditors, attorneys, lenders, insurers, boards of directors or other parties with a legitimate need to know.

    d. The Parties agree that, in the event of any ongoing breach of this non-disparagement provision, damages/actual losses will be difficult or impossible to prove with requisite precision, and that an adequate remedy at law will not exist. Accordingly, in the event of a breach of this provision, the non-breaching Party shall be entitled to equitable relief, including, but not limited to, a temporary restraining order, a preliminary injunction, and a permanent injunction.

    16.    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and may only be amended by a written instrument executed by all Parties. This Agreement is intended as a final expression of the Parties with respect to such terms as are included in this Agreement, is intended as a complete and exclusive statement of the terms of such Agreement and supersedes all negotiations, stipulations, understandings, agreements, representations and warranties, if any, with respect to such subject matter, which precede or accompany the execution of this Agreement. Each Party acknowledges that in deciding whether or not to enter into this Agreement, it did so without reliance upon any oral or written representations made to it by the other Party, its employees or agents that are not included in this Agreement and hereby waives any claims of reliance upon any such oral and/or written representations that are not expressly set forth in this Agreement.

    17.    **Counterparts.** This Agreement may be executed in any number of duplicate originals or counterparts, each of which deemed to be an original and all of which taken together shall constitute a single agreement. The Parties further agree that a signature transmitted electronically or by facsimile may be treated and given the same legal effect as the original.

    18.    **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of Maryland, without regard to choice or conflict of laws principles.

    19.    **Venue.** The Parties agree that the U.S. Bankruptcy Court for the District of Maryland (the "Court") shall be the appropriate venue for the resolution of any dispute concerning the implementation, enforcement, or construction of this Agreement, and the Parties further agree not to contest the jurisdiction of the Court for any reason.

*[This space intentionally left blank]*

**IN WITNESS WHEREOF**, the undersigned execute this Agreement.

Eagle Premier Title Group, LLC

By: _____
Title: Sole Member/Owner

Kaiman Property Management, LLC

By: _____
Title: Sole member

Gregory Todd Alter Jr.

By: _____

Jennifer L. Alter

By: _____

Gregory Todd Alter Sr.

By: _____

Susan J. Alter

By: _____

Patricia B. Jefferson, solely as Chapter 7 Trustee
For the Bankruptcy Estate of SDI Properties, LLC

By: _____

Anton L. Iamele, on behalf of Iamele & Iamele, LLP, solely as Escrow Agent

By: _____

**IN WITNESS WHEREOF**, the undersigned execute this Agreement.

Eagle Premier Title Group, LLC

By: _____
Title: _____

Kaiman Property Management, LLC

By: _____
Title: _____

Gregory Todd Alter Jr.

By: _____

Jennifer L. Alter

By: _____

Gregory Todd Alter Sr.

By: _____

Susan J. Alter

By: _____

Patricia B. Jefferson, solely as Chapter 7 Trustee
For the Bankruptcy Estate of SDI Properties, LLC

By: _____

Anton L. Iamele, on behalf of Iamele & Iamele, LLP, solely as Escrow Agent

By: _____/s/_____