

LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| SDI Properties, LLC, | * | Case No. 20-20650-LSS |
|     Debtor. | * | Chapter 7 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Patricia B. Jefferson, Chapter 7 Trustee, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Adv. Pro. No. 22-00193 |
| | * | |
| Jennifer L. Alter, et al., | * | |
|     Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING MOTION TO QUASH

Before the Court is the Motion to Quash and Motion for Protective Order from

Subpoena Issued to Trustee by Maryland Insurance Administration [Dkt. No. 97] (the "Motion to

1

Quash"), filed by Eagle Premier Title Group, LLC and Jennifer L. Alter ("Movants"), and the Opposition [Dkt. No. 98], filed by the Maryland Insurance Administration (the "Administration"). For the reasons that follow the Motion to Quash will be denied.

Plaintiff, Patricia B. Jefferson, Chapter 7 Trustee for the Estate of SDI Properties, LLC, filed this adversary proceeding against Jennifer L. Alter, Eagle Premier Title Group, LLC, and others. On March 4, 2024, Plaintiff filed a Motion for Approval of Compromise or Settlement Pursuant to Fed. R. Bankr. P. 9019 [Dkt. No. 94]. No party in interest filed an opposition or other response and the Court signed and entered the Order Granting Motion of the Chapter 7 Trustee to Approve Settlement and Dismissing Case [Dkt. No. 95] on March 29, 2024.

On or about March 21, 2024, the Administration served upon Emily K. Devan, Plaintiff's counsel, Subpoena No. 2024-IFD-11 (the "Subpoena") requesting "any and all title, transaction, and financial records relating to United States Bankruptcy Case No. 22-00193 involving Eagle Premier Title Group LLC." The Administration issued the Subpoena in connection with MIA Case No. TC-553-2022 and pursuant to § 2-203(a) of the Insurance Article, Maryland Annotated Code. On April 4, 2024, Movants filed the Motion to Quash. Movants did not serve a copy of the Motion to Quash on the Administration. Upon learning of the Motion to Quash, the Administration filed a timely Opposition.

The Motion to Quash must be denied for several reasons. First, as the Motion to Quash seeks relief against the Administration, Movants failure to serve the Administration is fatal. Secondly, this adversary proceeding has been dismissed and the Subpoena was not issued in connection with this adversary proceeding, or any other case pending in this Court. As such, it does not appear that this Court has any interest in or authority to quash the Subpoena. Assuming

*arguendo* that the Court has authority to protect its officers from allegedly vexatious document requests made pursuant to state law, Movants would not have standing to request such relief. Finally, the Subpoena purports to have been issued pursuant to Maryland state law and state law governs its enforceability. Accordingly, to the extent state law affords Movants standing or a basis for challenging the subpoena, Movants must seek redress in the appropriate state forum.

Based on the foregoing, the Motion to Quash should be denied. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion to Quash is **DENIED**.

cc:	Movants – Roger R. Munn Jr.
	Administration – Ioannis Laskaris

**End of Order**